IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS MONROE McGHEE, #361471 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. L-12-1318 |
| T. CROWDER, *WARDEN* | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus was filed on April 30, 2012. The self-represented pleading concerns Petitioner's claim that he is being held in state custody improperly because he has not yet received a parole revocation hearing. ECF No. 1. Petitioner filed a Motion to Proceed in Forma Pauperis; because he appears indigent, his motion will be granted. ECF No. 2.

The claim presented does not appear to have been exhausted through the Maryland state courts. To the extent a federal claim is presented by the instant petition, it involves questions of State law only and is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. See Francis v. Henderson, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. See Rose v. Lundy, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means

presenting both the operative facts and controlling legal principles. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), cert. denied, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals.   See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).  The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Petitioner states that he was arrested for undisclosed charges on February 10, 2012, and released on bail the following day. ECF No. 1 at p. 8. On February 21, 2012, the Maryland Parole Commissioner issued a retake warrant and Petitioner turned himself in on February 22, 2012. He states he had a "law hearing" on March 5, 2012, where he pled guilty. Id. Petitioner asserts he is still in custody, but has not received a revocation hearing even though it has been more than 60 days and Maryland law, according to Petitioner, requires a revocation hearing within 60 days.

It is clear, given the time frames set forth, that Petitioner has not presented this claim to the Maryland courts for consideration. Thus this Court does not have jurisdiction to consider the matter. The Petition shall be dismissed by separate Order which follows.

May 2, 2012

/s/
_____
Benson Everett Legg
United States District Judge